UNITED STATES of America,
Plaintiff-Appellee,

v.

Frank Lafon BLACK,
Defendant-Appellant.

No. 75–1134.

United States Court of Appeals,
Sixth Circuit.

Argued Oct. 7, 1975.

Decided Nov. 26, 1975.

Robert D. Simmons, Bowling Green, Ky., for defendant-appellant.

George J. Long, U.S. Atty., James H. Barr, Asst. U.S. Atty., Louisville, Ky., for plaintiff-appellee.

Before CELEBREZZE, McCREE and MILLER, Circuit Judges.

PER CURIAM.

Defendant Black appeals from his conviction for violating 18 U.S.C. App. Sec. 1202(a)(1) by possessing, after prior conviction of a felony, a Japanese type rifle which had moved in interstate commerce. The rifle was found in the tool box of defendant's truck which was parked in his driveway. An empty gun rack and ammunition which would fit the rifle were found in defendant's home. In presenting its case in chief the government called as a witness a former employee of defendant who testified that the rifle was his and that he had left it in defendant's truck by mistake when he had borrowed the truck to go deer hunting. After the defendant presented his evidence, the government called a rebuttal witness who testified that he had previously seen the defendant in possession of the gun found in his truck. To show defendant's previous felony conviction, the government introduced an unsigned order of a Kentucky state court which stated that defendant had been convicted of willful murder in 1964.

 The first major issue on appeal is whether the conviction should be reversed because the trial judge refused to grant the defendant's motion for judgment of acquittal at the close of the government's case in chief. Defendant contends that the evidence at that point was insufficient to show the necessary element of possession. The rule is settled that when a defendant introduces evidence, he waives any objection to the denial of his motion to acquit at the close of the government's case. *United States v. Calderon,* 348 U.S. 160, 164, n. 1, 75 S.Ct. 186, 99 L.Ed. 202 (1954); *United States v. Ambrose,* 483 F.2d 742 (6th Cir. 1973). The defendant may renew his motion at the close of all the proof, as the defendant did here, but the court will then consider the sufficiency of the evidence on the record as a whole and not the sufficiency of the government's case in chief. *United States v.*

*Ambrose, supra; Cline v. United States,* 395 F.2d 138 (8th Cir. 1968). It is not necessary, therefore, to determine the sufficiency of the evidence at the close of the government's case in chief since the defendant presented evidence and thus waived objection to the denial of his motion for judgment of acquittal made at that time.

 The evidence on the record taken as a whole was clearly sufficient to show defendant's possession of the rifle. The evidence supporting the government's theory of the case was that the rifle was found in defendant's truck, that the defendant had ammunition for the gun and a rack in which it could have been kept, and the testimony of a rebuttal witness that he had seen the defendant with the rifle in his possession several times prior to his arrest. In this situation, the government was not bound by the testimony of the witness who testified, when called by the government, that the rifle belonged to him and not to the defendant. *United States v. Polizzi,* 500 F.2d 856, 905 (9th Cir. 1974), *cert. denied,* 419 U.S. 1120, 95 S.Ct. 802, 42 L.Ed.2d 820 (1975); *United States v. Davis,* 437 F.2d 928 (7th Cir. 1971); *United States v. Brady,* 425 F.2d 309 (8th Cir. 1970). It was the proper function of the jury, in light of the whole record, to determine the credibility of the former employee's testimony that the gun was his.

 The second issue which we consider on appeal is whether the indictment should have been dismissed because the government failed to prove an essential element of the offense—that defendant had previously been convicted of a felony. Defendant argues that the felony was not proved because the government used an unsigned order to show the conviction. He also points out that this order is suspect because the three-year penalty on the face of the order is inconsistent with the crime of willful murder mentioned in it. We find this argument to be without merit. Although the government's proof on the issue of the felony conviction was per-

haps carelessly prepared, defendant admitted on cross-examination that he had been convicted of a felony. Such admission by the defendant makes it unnecessary to consider the adequacy of other evidence on the prior conviction issue.

We have considered defendant's other arguments and find them also to be unconvincing.

Affirmed.