820 F.2d 1226
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Constantine STEFAN, Defendant-Appellant.
 Nos. 86-1840, 86-1943.
 United States Court of Appeals, Sixth Circuit.
 June 16, 1987.
 
 Before KENNEDY, JONES and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Stefan ("appellant") was convicted of three counts of tax evasion for the calendar years 1979, 1980, and 1981 in violation of 26 U-S-C. Sec. 7201 (Supp.1987). Although appellant admitted that in the years from 1954 through 1978 he recognized his obligation to pay taxeS and have hiS employer withhold funds from his wages, sometime in 1978 or 1979 he decided he did not have to pay income taxes. He filed a W-4 claiming exempt status for the years 1979 through 1981. In October 1982, appellant's employer received a letter from the IRS telling it to change appellant's exemption to one. After stating that he would appeal this ruling, appellant filed a new W-4 claiming 31 allowances because it would result in no taxes being withheld.[1] Appellant raises four issues on appeal: (1) whether the District Court erred in denying appellant's motion for judgment of acquittal; (2) whether his conviction is supported by sufficient evidence; (3) whether the District Court abused its discretion when it denied appellant's motion for a mistrial; and (4) whether the prosecutor's remarks about the necessity for paying taxes were proper.[2]
 
 I.
 
 2
 This Court has held that when defendants introduce evidence after the court denies a motion for acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure made at the close of the government's proofs, they waive any objection to the denial of this motion. United States v. Black, 525 F.2d 668, 669 (6th Cir. 1975). Although defendants may renew their motion at the close of all the proofs, the court will then consider the sufficiency of the evidence on the record as a whole and not the sufficiency of the government's case in chief. Id. Appellant in the present case, however, failed to renew his motion for acquittal at the conclusion of an the proofs. Accordingly, he waived any objection to the denial of his acquittal motion. United States v. Van Dyke III, 605 F.2d 220, 225 (6th Cir.), cert. denied 444 U.S. 994 (1979). Therefore, absent a manifest miscarriage of justice, this Court is unable to review the District Court's denial of appellant's motion for acquittal. United States v. Faymore 736 F.2d 328, 334 (6th Cir), cert. denied, 469 U.S. 868 (1984). Because we conclude that appellant's conviction is supported by sufficient evidence, appellant's conviction did not result in a miscarriage of justice.
 
 
 3
 In determining whether a jury verdict is supported by sufficient evidence, this court must decide "whether, after viewing the evidence in the fight most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 3071 319 (1979) (emphasis in original). Additionally, this standard requires this Court to give "full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and. to draw reasonable inferences from basic facts to ultimate facts." Id.
 
 
 4
 Section 7201 of the Internal Revenue Code provides;
 
 
 5
 Any person who willfully attempts in any manner to evade or defeat any tax imposed by this title or the payment thereof shall, in addition to any other penalties provided by law, be guilty of a felony ....
 
 
 6
 The Supreme Court has stated that a violation of section 7201 requires proof of three elements: (1) willfulness; (2) the existence of a tax deficiency; and (3) an affirmative act constituting an evasion or attempted evasion of the tax. Sansone v. United States, 380 U.S. 343 (1965). In the present case, appellant's defense to the charges was that he had always possessed a good faith belief that his wages were not taxable. He contends that his behef was based on the cases defining income, the fact that the Internal Revenue Code nowhere defines the word "income," and that the government never told him that his returns were inadequate. Thus, appellant argues that no evidence exists upon which a jury could have found beyond a reasonable doubt that he willfully refused to pay income taxes.[3]
 
 
 7
 The element of wilfullness requires proof of "a voluntary, intentional violation of a known legal duty." United States v. Pomponio, 429 U.S. 10, 12 (1976). It may be inferred from "any conduct, the likely effect of which would be to mislead or conceal," Spies v. United States. 317 U.S. 492, 499 (1943), including "handling of one's affairs to avoid making the records usual in transactions of the kind ...." Id. Additionally, circumstantial evidence is sufficient to support a jury verdict that a defendant wilfully falled to pay income taxes. United States v. Grumka, 728 F.2d 794 (6th Cir. 1984).
 
 
 8
 Appellant signed his paychecks for part of 1979, and almost aU of 1980 and 1981 with a pen that was noncopyable by microfilm so that there would be no evidence that he cashed his paychecks. Appellant initially filed no income tax returns for 1979 and 1980, claiming that he did not have to file because he had no tax liability even though he paid taxes for the years 1954 through 1978. Although he claimed he filed his 1979 return after he received a letter from the IRS in January, 1981, he did not file until September, 1981, apparently after he had learned that several persons involved in the tax protester movement were convicted of tax violations. Appellant attended meetings of a tax protester group and received literature stating that wages are not taxable, that tax laws are unconstitutional, and that the wage withholding was supposed to be withdrawn after World War U. Appellant told his co-employees that it was foolish to pay taxes on wages and that if they were going to resist paying taxes, they better "study up" and be "prepared for your defense." Furthermore, appellant filed an exempt W-4 in 1979 when he had incurred tax liability in 1978 and filed a W-4 claiming 31 allowances when the IRS rejected his exempt status. The jury could rely upon these activities as evidence that appellant wilfully failed to pay income taxes for the years in question. See Grumka, 728 F.2d at 797 (defendant's prior taxpaying history and firing a W-4 claiming exempt following a year in which taxes were owed found sufficient evidence to establish wilfuUness); Hayward v. Day, 619 F.2d 716, 717 (8th Cur.) (evidence of defendant's involvement in tax protest movement and prior taxpaying history sufficient to establish he intentionally chose not to comply with legal obligation to pay taxes), cert. denied, 446 U.S. 969 (1980).
 
 
 9
 Finally, appellant's good faith belief that the tax laws are unconstitutional does not constitute a defense. The Tenth Circuit has noted:
 
 
 10
 [N] either a defendant's disagreement with the law, nor his own behef that such law is unconstitutional ... constitute a defense of good faith misunderstanding or mistake. It is the duty of all citizens to obey the law whether they agree with it or not.
 
 
 11
 United States v. Ware 608 F.2d 400, 405 (10th Cir. 1979) (cited in Grumka,. 728 F.2d at 797). Accord Hayward, 619 F.2d at 717 (fact that defendant's failure to file income tax return motivated by his belief that the federal income tax is unconstitutional is no defense).
 
 II.
 
 12
 Appellant next contends that the District Court abused its discretion in denying appellant's motion for a mistrial after it determined that although a juror had looked at the dictionary definition of income the jury did not use the dictionary definition during its deliberations. After learning that one of the juror's had brought a dictionary from home, the trial judge questioned the jury to determine what use the jury made of the dictionary and whether it had substituted the word income for any portion of the court's instruction. The foreperson stated that she didn't read the dictionary definition of the word income to the jury, but she told the jury her recollection of this definition. The foreperson also stated that to her knowledge none of the other jurors looked at the dictionary. The court examined the jury panel in its entirety and found that none of them indicated a reliance on the dictionary definition of income in determining the issues in the case. The court concluded that there was no evidence that appellant was prejudiced by the presence of the dictionary and that nothing indicated that the jury substituted the dictionary definition of income for any of the court's instructions.
 
 
 13
 On appeal, appellant contends that the reason why the jury sought the dictionary definition of the word income was that they were confused about its meaning. Because the jury found an authoritative work that defines the word income, appellant contends that he was prejudiced since the jury never considered seriously his defense that the word income is not defined. in the Internal Revenue Code. Additionally, appellant asserts that his defense that his wages were "gain" and not "income" was never considered by the jury because the jury concluded from the dictionary that "income" included "gain."
 
 
 14
 This Court has determined that a mistrial should be granted only when the use of a dictionary by the jury results in prejudice to a defendant. United States v. Griffith 756 F.2d 1244, 1252 (6th Cir.), cert. denied 106 S. Ct. 114 (1985). According to the Griffith Court:
 
 
 15
 When a jury makes unauthorized use of a dictionary, the trial judge should determine whether the jury actually substituted the dictionary definition of a legal term for that given in the instructions. If any jurors substituted the dictionary definition, the court should determine whether any use of the dictionary definition resulted in prejudice to the defendant.... After the judge makes the required investigation, the decision whether to grant a new trial should be reviewed only for abuse of discretion.
 
 
 16
 756 F.2d at 1252 (citations omitted). In the present case, the court determined that the jury did not substitute the definition of income for any part of the court's instructions and that the jury did not use the dictionary during their deliberations. Additionally, the court determined that there was no evidence that appellant was prejudiced by the dictionary. Furthermore, the government correctly notes on appeal that appellant's defense to the charges was not that his wages were not included in the definition of income but that he had a good faith belief that his wages were not subject to income tax. The District Court did not abuse its discretion In denying appellant's motion for a mistrial.
 
 
 17
 Appellant contends that the prosecutor's reference in his closing remarks to a civic duty to pay taxes appealed improperly to the pecuniary interests of the jurors. In his closing argument, the government attorney stated:
 
 
 18
 We may not want to pay taxes, but we know it's our duty and obligation to do it. The subject of payment of taxes over the years have ( sic] sparked a lot of lively conversation. However, it remains that the tax laws remain on the books, and everybody knows that whether they agree with it or not, it is their obligation to follow the law.
 
 
 19
 Joint Appendix at 450. This Court in Grumka rejected a similar argument. There, the prosecutor stated:
 
 
 20
 Taxes, as you know, are a topic tbat is quite controversial. It has been controversial for hundreds and thousands of years. Taxes, that is a topic that is guaranteed to generate lively and stimulating conversations wherever people get together, wherever they sit down to talk. Taxes are a necessity, however. They are the life blood that keeps our republic operating, that keeps government at all levels functioning.
 
 
 21
 .............................................................
 
 
 22
 ...................
 
 
 23
 * * *
 
 
 24
 So we must and we do contribute some share to the running of this society through the tax system ....
 
 
 25
 Grumka, 728 F.2d at 798. This Court concluded that the remarks were background material or designed to address the defendant's good faith defense, or both, and found nothing unduly prejudicial. In the present case, the prosecutor also indicated that the remarks were background material. They do not warrant granting a new trial.
 
 
 26
 Accordingly, the Judgment of the District Court is affirmed.
 
 
 
 [1]
 On his 1979, 1980, and 1981 tax returns, appellant claimed that federal income tax was not incurred as a result of laboring for wages. He modified his tax returns by typing the words "gain" or "receipts" over the printed word "income." He then listed his wages as "non-taxable receipts." He also attached to his tax returns a summary of his position that an individual's wages were derived from his own labor and not income within the meaning of the Internal Revenue Code
 
 
 [2]
 On appeal, appellant contends that he was denied effective assistance of counsel because his trial attorney refused to produce character witnesses, and refused to call an expert witness on his behalf. His argument is premised on three affidavits appended to his appellate brief. On March 25, 1987, this Court granted the government's motion to strike the affidavits and those portions of appellants brief that rely on them. Accordingly, this Court will not consider appellant's ineffective assistance of counsel claim because it relies on matters outside the record. United States v. Hill, 688 F.2d 18, 21 (6th Cir.), cert. denied, 459 U.S. 1074 (1982)
 
 
 [3]
 Appellant does not dispute the government's contention that he owed over $22,000 in taxes for the years in question. Additionally, the element of an affirmative act constituting the evasion is amply supported by the evidence. Appellant filed W-4 forms claiming exempt or claiming 31 allowances. In the years in question, he filed late income tax returns that were altered by replacing the word "income" with "gain" or "receipt." Finally, appellant listed his wages as "non-taxable receipts."