872 F.2d 1030
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John J. O'BRIEN, Defendant-Appellant.
 No. 88-1253.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Defendant John J. O'Brien appeals his conviction on two counts of filing a false credit application in violation of 18 U.S.C. Sec. 1014. We affirm.
 
 
 2
 Defendant was a probate judge in Oakland County, Michigan, from 1975 until May 1988. In 1985 defendant filed for bankruptcy. Subsequently, an Oakland County citizen filed a complaint against defendant with the Michigan Judicial Tenure Commission. In response to the complaint, the Commission conducted an investigation of defendant's financial affairs. After its investigation, the Commission recommended that defendant be suspended without pay for three years and that he pay restitution to financial institutions with which he had improperly dealt.
 
 
 3
 In June 1987, a federal grand jury indicted defendant on three counts of filing a false credit application in violation of 18 U.S.C. Sec. 1014. Count I alleged that in May 1984 defendant had represented in a loan application to National Bank of Detroit that he had outstanding debts of $10,545.00 when his total outstanding debts exceeded $69,596.00. Count II alleged that in August 1984 defendant had represented in a loan application to Oakland County Employees Credit Union that he had outstanding debts of $7,850.00 when his total outstanding debts exceeded $76,842.00. Count III alleged that in December 1984 defendant had represented in a loan application to Truck and Coach Federal Credit Union that he had outstanding debts of $9,500.00 when his total outstanding debts exceeded $85,000.00.
 
 
 4
 Defendant waived his right to a jury trial and was tried before the district court in January 1988. The district court found defendant not guilty on Count I and guilty on Counts II and III. Defendant was sentenced on Counts II and III to concurrent sentences of one year in the custody of the Attorney General under 18 U.S.C. Sec. 4205(f), to be released as if on parole after four months. This appeal followed.
 
 I.
 
 5
 18 U.S.C. Sec. 1014 provides in relevant part:
 
 
 6
 Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any bank the deposits of which are insured by the Federal Deposit Insurance Corporation, ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same ... shall be fined not more than $5,000 or imprisoned not more than two years, or both.
 
 
 7
 There are four essential elements to a Sec. 1014 violation:
 
 
 8
 "(1) that the defendant made a false statement to a [federally insured] bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and, (4) that the defendant made the false statement knowingly."
 
 
 9
 United States v. Whaley, 786 F.2d 1229, 1231 (4th Cir.1986) (citation omitted). A Sec. 1014 violation has been described as "a crime of a subjective intent requiring neither reliance by the bank officers nor an actual defrauding." United States v. Kennedy, 564 F.2d 1329, 1341 (9th Cir.1977), cert. denied, 435 U.S. 944 (1978).
 
 
 10
 Defendant first argues that the district court erred in its finding that the fourth element of a Sec. 1014 violation--that defendant made the false statements knowingly--was satisfied for Counts II and III. Defendant contends that he did not make the false statements of his outstanding debts with the "subjective intent" to mislead the banks, and that the district court relied largely on the language of the loan application forms, which requested that defendant list all outstanding debts, to establish otherwise.
 
 
 11
 We find this argument to be meritless. There was abundant circumstantial evidence, which the district court considered and cited, tending to show that defendant knowingly made the false statements alleged in Counts II and III. It is a "longstanding principle that fraudulent intent may be established by circumstantial evidence and by inferences deduced from facts and situations." United States v. Bales, 813 F.2d 1289, 1294 (4th Cir.1987). We hold that the district court did not err in finding that the evidence established that defendant knowingly made the false statements as charged in Counts II and III.
 
 II.
 
 12
 Defendant next argues that this court should reverse the district court's denial of defendant's Fed.R.Crim.P. 29 motion for acquittal, which defendant made at the conclusion of the government's case in chief. Defendant contends that the government failed to introduce sufficient evidence of two of the required elements of a Sec. 1014 violation: that defendant made the false statements for the purpose of influencing the banks' action; and that defendant made the false statements knowingly.
 
 
 13
 After defendant's motion for acquittal was denied, defendant proceeded to introduce evidence. "The rule is settled that when a defendant introduces evidence, he waives any objection to the denial of his motion to acquit at the close of the government's case." United States v. Black, 525 F.2d 668, 669 (6th Cir.1975) (per curiam). A defendant may renew a motion for acquittal at the close of all the proofs, but the court must then consider the evidence on the record as a whole, Id., and in the light most favorable to the government. United States v. Faymore, 736 F.2d 328, 334 (6th Cir.), cert. denied, 469 U.S. 868 (1984). In this light, we find that there was sufficient evidence from which the district court as fact-finder could have found defendant guilty as charged in Counts II and III. We therefore affirm the court's denial of defendant's motion for acquittal.
 
 III.
 
 14
 Defendant's final argument is that the loan applications should have been excluded from evidence because the applications were originally obtained by the Michigan Judicial Tenure Commission in its investigation of defendant. Defendant asserts that exclusion of this evidence is proper because of alleged due-process shortcomings in the Judicial Tenure Commission's investigation of defendant, and in light of Elkins v. United States, 364 U.S. 206 (1960), in which the Supreme Court overruled the "silver platter" doctrine and held that evidence obtained by state agents in an unconstitutional search was inadmissible in a federal trial.
 
 
 15
 We hold that Elkins is inapposite to the present case. Unlike the prosecution in Elkins, the prosecution in the present case did not obtain the evidence in question as a result of state agents' constitutional violation; the prosecution obtained the loan applications by subpoenas issued to the banks. The Supreme Court "has held repeatedly that the Fourth Amendment does not prohibit the obtaining of information revealed to a third party and conveyed by him to Government authorities, even if the information is revealed on the assumption that it will be used only for a limited purpose and the confidence placed in the third party will not be betrayed." United States v. Miller, 425 U.S. 435, 443 (1976). Thus, whether or not the Commission violated defendant's due process rights in conducting its investigation, a question which is not before this court, the prosecution in this case lawfully obtained the loan applications under the fourth amendment. Moreover, we note that defendant's bankruptcy petition, including a list of outstanding debts, was a matter of public record. We hold that the district court did not err in admitting the loan applications.
 
 
 16
 AFFIRMED.