51 F.3d 273
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Mark D. CLEMENTS, Defendant-Appellant.
 No. 94-5224.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 Before: KENNEDY and NORRIS, Circuit Judges; TAYLOR, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Mark D. Clements was convicted of conspiracy, attempt to possess with intent to distribute methamphetamine, and carrying a firearm during and in relation to a drug trafficking offense. He appeals his conviction, attacking the sufficiency of the evidence and arguing that the District Court should have admitted testimony from his wife's attorney concerning his wife's plea negotiations. We affirm defendant's conviction.
 
 I.
 
 2
 On May 25, 1993, Postal Inspector Vance Arnold identified a suspect Express Mail package at the airport in Louisville, Kentucky. The package was addressed to Mark D. Clements, 14215 Bear Camp Road, Louisville, Kentucky 40272, with a fictitious return address in Oceanside, California.
 
 
 3
 Arnold obtained a search warrant for the package and found that it contained approximately one pound of methamphetamine. The methamphetamine was 74% pure and had been diluted with inositol powder. Arnold prepared a substitute package for a controlled delivery to defendant's residence. The postal inspectors delivered the package and Jackie Clements ("Mrs. Clements") signed for it.
 
 
 4
 The postal inspectors conducted a search of the Clements' residence and found the substitute package wrapped in a brown canvas bag inside the dryer. An unopened one pound container of inositol powder was found in the bathroom. The agents also found a loaded 12 gauge shotgun, a loaded .357 revolver, a magazine designed to hold ninety rounds of ammunition, a bulletproof vest, and over 2,241 rounds of live ammunition.
 
 
 5
 In defendant's safe, the inspectors found two packages of methamphetamine,[1] syringes, numerous loaded firearms, and night vision goggles. This safe also contained two letters written by defendant to Mrs. Clements in 1987 which discussed drugs. The first letter requested Mrs. Clements to locate the address for a company that publishes Secrets of Meth Manufacturing and Operating a Clandestine Lab. The second letter asked Mrs. Clements to purchase valium or quaaludes if she could find them.
 
 
 6
 Upon learning that federal agents had served a search warrant at his house, defendant fled to Iowa. He surrendered to the United States Marshal after his wife pled guilty to charges of being a felon in possession of a handgun.
 
 
 7
 A second superseding indictment was filed on November 3, 1993, charging defendant with conspiracy and attempt to possess with intent to distribute methamphetamine in violation of 21 U.S.C. Sec. 846 and 18 U.S.C. Sec. 2 and with use of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. Sec. 924(c).
 
 
 8
 A jury convicted defendant on all counts in the indictment. The District Court sentenced him to ten years imprisonment on each of the conspiracy and attempt convictions to run concurrently and five years imprisonment on the firearms charge to be served consecutively. Defendant now appeals his conviction.
 
 II.
 
 9
 Defendant first argues that the District Court erred in denying his initial motion for judgment of acquittal made at the end of the government's case pursuant to FED.R.CRIM.P. 29. After the court denied this motion, defendant presented evidence and then renewed his motion, which the court again denied.
 
 
 10
 "The rule is settled that when a defendant introduces evidence, he waives any objection to the denial of his motion to acquit at the close of the government's case." United States v. Black, 525 F.2d 668, 669 (6th Cir.1975). A defendant may renew his motion at the end of the trial, but the court will then consider the sufficiency of the evidence based on the record as a whole, rather than considering the sufficiency of the government's case in chief. Id.
 
 
 11
 Defendant next argues that the District Court erred in denying his motion for judgment of acquittal at the close of all the evidence. In reviewing the sufficiency of the evidence for a conviction following a jury trial, we must consider the evidence in the light most favorable to the government, including giving the government the benefit of all reasonable inferences drawn from the evidence. United States v. Davis, 981 F.2d 906, 908 (6th Cir.1992), cert. denied, 113 S.Ct. 2361 (1993). We must sustain the conviction if "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis in original). There is sufficient evidence to sustain defendant's conviction on all counts of the indictment.
 
 
 12
 "To prove an attempt, the government must show a defendant's intent to commit the proscribed criminal conduct together with the commission of an act that 'constitutes a substantial step towards commission of the proscribed criminal activity.' " United States v. Shelton, 30 F.3d 702, 705 (6th Cir.1994) (citation omitted). An attempt conviction may be upheld even though a defendant falls short of actually physically possessing controlled substances. United States v. Pennyman, 889 F.2d 104, 106-07 (6th Cir.1989).
 
 
 13
 A rational jury could have concluded that defendant intended to possess methamphetamine and had taken a substantial step toward possessing it. Defendant testified that he lived in the house to which the methamphetamine, addressed to him, had been mailed. (Joint App. 167). Additional methamphetamine was found inside defendant's safe. It is permissible for a jury to infer that a person constructively possesses items found in his home. United States v. Craven, 478 F.2d 1329, 1333 (6th Cir.), cert. denied, 414 U.S. 866 (1973).
 
 
 14
 A jury could also have concluded that defendant intended to distribute the methamphetamine. The methamphetamine contained in the Express Mail package was 74 percent pure and Detective Gary Epperson of the Jefferson County Police Department testified that it was typically 30 to 35 percent pure when sold on the street. Epperson also testified that the inositol powder found in defendant's house was a common cutting agent and that a typical user would not purchase a pound at a time. (Joint App. 155-63).
 
 
 15
 Defendant further argues that there was insufficient evidence to convict him on conspiracy charges. We disagree. In order to sustain a conspiracy under 21 U.S.C. Sec. 846, "the government is required to prove the existence of an agreement to violate the drug laws and that each conspirator knew of, intended to join, and participated in the conspiracy." United States v. Lee, 991 F.2d 343, 348 (6th Cir.1993). It is not necessary to prove a formal agreement between the parties; "a tacit or mutual understanding" is sufficient. Id. Furthermore, the existence of the conspiracy can be proven by circumstantial evidence and that once the conspiracy has been proven only slight evidence is needed to implicate a defendant. Id.
 
 
 16
 A reasonable jury could have concluded that defendant conspired with his wife to violate the drug laws because his wife hid the package in a bag and put it in the dryer. The jury could have inferred that defendant conspired with the sender of the package as well.
 
 
 17
 Finally, defendant argues that there was insufficient evidence to show the required connection between the weapons found on the premises and defendant's use of those weapons in furtherance of a conspiracy. Defendant argues that he legally possessed the weapons and that most of them were locked up in the safe.
 
 
 18
 Defendant was convicted under 18 U.S.C. Sec. 924(c), which prohibits the use of a firearm "during and in relation to" a drug trafficking crime. We have construed "during and in relation to" expansively and have not limited it to situations where a defendant actually brandishes a weapon during a drug offense. United States v. Vincent, 20 F.3d 229, 235 (6th Cir.1994). Instead, we have held that where firearms are found on premises under the control of a drug offender, and it reasonably appears that the firearms are to be used to protect the drugs or otherwise to facilitate a drug offense, then the firearms are considered to be used during and in relation to the offense. Id.
 
 
 19
 In Vincent, where firearms and drugs were found in a safe in defendant's home, we held that a jury could infer from the proximity of the guns to the drugs that the defendant intended to use the guns for protection. Id. Because defendant's weapons were loaded and found near packages of methamphetamine in defendant's safe, a jury would be warranted in concluding that the weapons were used in order to protect the drugs.
 
 III.
 
 20
 Defendant contends that the court should not have excluded testimony from Murray Turner, his former attorney, regarding plea negotiations between the government and Mrs. Clements. During the trial, defendant attempted to elicit evidence from Turner concerning defendant's flight, the disposition of his wife's case, and the considerations used in arriving at that disposition. The District Court, after hearing Turner's testimony through avowal, excluded this evidence on the grounds that it was either privileged, or available through other witnesses.
 
 
 21
 We review a district court's evidentiary rulings for abuse of discretion. United States v. Curro, 847 F.2d 325, 328 (6th Cir.), cert. denied, 488 U.S. 843 (1988). A district court has broad discretion to determine the relevancy of evidence, United States v. Breitkreutz, 977 F.2d 214, 219 (6th Cir.1992), and we find no abuse of that discretion in the present matter.
 
 
 22
 Defendant contends that Turner's testimony would have shown that defendant had not fled to avoid prosecution but had only left until a satisfactory plea agreement was arranged for his wife. Defendant had earlier testified that he had spoken with Turner concerning the status of the negotiations. Turner's testimony would not have been helpful in this regard because Turner testified on avowal that he had no contact with defendant during the negotiations. In addition, Turner's testimony about the actual plea agreement would have been cumulative since defendant testified that Mrs. Clements had been indicted on charges relating to the methamphetamine, that these charges had been dropped, and that she had pled guilty to being a felon in possession of a handgun. Finally, Turner could not testify concerning any confidential conversations with Mrs. Clements because these would be covered by the attorney-client privilege. United States v. Moss, 9 F.3d 543, 550 (6th Cir.1993).
 
 IV.
 
 23
 For the foregoing reasons, we AFFIRM.
 
 
 
 *
 The Honorable Anna Diggs Taylor, United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 One package contained 2.12 grams of methamphetamine diluted with inositol powder to a purity of 82%. The other package contained .33 grams of methamphetamine and was diluted with inositol powder to a purity of 85%