**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John R. GLASSEY, Defendant-Appellant.**

No. 82–2998.

United States Court of Appeals,
Seventh Circuit.

Submitted May 12, 1983.

Decided Aug. 23, 1983.

Rehearing and Rehearing En Banc
Denied Oct. 14, 1983.

## I.

Glassey was part owner of a construction company, Colossus, Inc. He periodically obtained interim construction loans for the corporation from Peoples Savings and Loan Association of Chillicothe (Peoples). These were loans for sixty to ninety days to finance the construction of houses until they were sold. Peoples would set up an account with the money it loaned Colossus. Peoples would take its interest payments out of the account and pay subcontractors when Colossus submitted the bills. Sometimes Colossus would pay subcontractors itself and Peoples would reimburse Colossus.

On May 20, 1981, all the proceeds from the ten loans at issue had been disbursed. A bank representative asked Glassey to sign lien waivers and affidavits verifying that all the subcontractors had been paid in full. Glassey signed such forms for the ten accounts knowing that some subcontractors had not been paid in full. Glassey was indicted on ten counts for these false affidavits. He was convicted after a jury trial on all ten counts. On eight of the counts he received two-year concurrent sentences. He received a consecutive two-year sentence on another count, and a three-year suspended sentence on the tenth count.

## II.

Section 1014 of Title 18 of the United States Code makes it a crime to "knowingly make[ ] any false statement or report ... *for the purpose of influencing in any way* the action of ... any institution the accounts of which are insured by the Federal Savings and Loan Insurance Corporation...." (Emphasis added.) Actual reliance by the savings and loan on a defendant's false statements is not necessary for a conviction under § 1014. It is enough that the statement has the capacity of influencing the savings and loan. *United States v. Braverman,* 522 F.2d 218, 223 (7th Cir.), *cert. denied,* 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 302 (1975).

Drew Parker, Parker & Halliday, Peoria, Ill., for defendant-appellant.

Gerald D. Fines, U.S. Atty., Springfield, Ill., Mark D. Stuaan, Asst. U.S. Atty., Peoria, Ill., for plaintiff-appellee.

Before POSNER and COFFEY, Circuit Judges, and GIBSON, Senior Circuit Judge.*

PER CURIAM.

John Glassey appeals his conviction and sentence for making false statements to a federally insured savings and loan in violation of 18 U.S.C. § 1014 (1976). We affirm the judgment of the district court.

* The Honorable Floyd R. Gibson, Senior Circuit Judge of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

Glassey argues that there was insufficient evidence that he made the statements for the purpose of influencing Peoples because Peoples was incapable of being influenced by the affidavits. Glassey points to the fact that he had already received the loan proceeds when he signed the affidavits. If he had been truthful there was nothing the institution could have done differently. He was not attempting to apply for a loan at the time he signed the affidavits. He testified that he lied only because he thought the affidavits were a mere formality necessary for Peoples to close its files.

We find that the evidence was sufficient to allow the jury to conclude that Glassey made the statements with the intention to influence Peoples and that Peoples had the capacity to be influenced. An executive vice president of Peoples testified that it may have tried to work out another loan with Glassey so that the unpaid subcontractors could get their money. Also, the jury could have reasonably believed that Glassey lied so that he could get future interim construction loans or get those loans on more favorable terms than he could receive if Peoples knew the truth. The inference would be particularly warranted because Glassey had been getting loans on a regular basis from Peoples for several years. The fact that Glassey was not applying for a loan at the particular time he signed the affidavits does not make the inference unreasonable. There was sufficient evidence to sustain the conviction.

### III.

Glassey also argues that his sentence calling for four years incarceration is excessive in light of the fact that he had no prior criminal record and found himself in financial straits only because of a severe slump in the home construction business.

Our standard of review here is extremely limited. "A reviewing court may not change or reduce a sentence imposed within the applicable statutory limits on the ground that the sentence is too severe unless the trial court relied on improper or unreliable information in exercising its dis-

cretion or failed to exercise any discretion at all in imposing the sentence." *United States v. Main,* 598 F.2d 1086, 1094 (7th Cir.), *cert. denied,* 444 U.S. 943, 100 S.Ct. 301, 62 L.Ed.2d 311. *See also United States v. Brubaker,* 663 F.2d 764, 768 (7th Cir. 1981); *United States v. Dawson,* 642 F.2d 1060, 1062 (7th Cir.1981). Section 1014 allows a maximum penalty of two years imprisonment *and* a $5,000 fine. The district court had the benefit of observing Glassey at trial and considered the pre-sentence report and letters received from friends and business associates of Glassey before sentencing. Therefore, we cannot say on this record that the trial court either relied upon improper information or failed to exercise any discretion.

The judgment of the district court is affirmed.