**UNITED STATES of America, Appellee,**

v.

**John W. WHALEY, Appellant.**

No. 85–5535.

United States Court of Appeals, Fourth Circuit.

Argued Jan. 8, 1986.

Decided April 3, 1986.

**1230**

E. Robert Giammittorio, Alexandria, Va., for appellant.

Justin W. Williams, Asst. U.S. Atty. (Elsie L. Munsell, U.S. Atty., Alexandria, Va., on brief), for appellee.

Before WINTER, Chief Judge, and SPROUSE and CHAPMAN, Circuit Judges.

HARRISON L. WINTER, Chief Judge:

Convicted of violating 18 U.S.C. § 1014 by making material false statements on a loan application to a federally insured bank, John W. Whaley appeals. He contends that the district court committed reversible error in failing adequately to charge the jury on the essential elements of the statute and in ruling that the issue of materiality was a question of law reserved for the court and not a question of fact to be submitted to the jury. He also notes as erroneous a series of evidentiary rulings concerning his prior and subsequent fraudulent transactions. We see no merit in these assignments of error and accordingly affirm.

I.

Briefly stated, the record shows that John W. Whaley spoke with Norma Wymer, the branch manager of the First American Bank of Virginia, Vienna Branch, on June 11, 1983 about opening a new checking account to which he would arrange for direct deposit of his retirement checks. He identified himself as a recently retired F.B.I. agent awaiting his retirement check and deposited into the new account two checks drawn on Canadian banks. Within the month, Whaley had overdrawn the account in excess of one thousand dollars. When contacted by the bank, Whaley informed Mrs. Wymer that his retirement checks had been delayed, but that he would be able to make good the outstanding overdrafts. As the overdrafts mounted, Mrs. Wymer informed Whaley that she could no longer honor his checks; instead she suggested that he take out a short-term loan.

Whaley completed an application for a 90 day loan in the amount of $2,000. On the form, he indicated that he had never been adjudged bankrupt. He also listed very few assets and no liabilities.

After his direct deposits began in September 1983, Whaley sought to renew the 90 day note. Mrs. Wymer renewed the loan, and Whaley subsequently defaulted.

At trial, the government introduced evidence showing that, at the time Whaley

first applied for the loan, he had an outstanding indebtedness in excess of $8,300 on a Jaguar sedan and that he had been adjudicated bankrupt in 1975 in Connecticut. Whaley's loan application reflected neither of these facts. Moreover, Whaley's F.B.I. personnel file indicated that he had been warned of a previous violation of 18 U.S.C. § 1014. Finally, the government showed that, on several occasions in which he was short of cash, Whaley procured goods or services by identifying himself as a retired F.B.I. agent awaiting his retirement checks. Based on this evidence, the jury found Whaley guilty of violating 18 U.S.C. § 1014.

## II.

Whaley first challenges his conviction on the ground that the district judge failed properly to charge the jury on the elements essential to a conviction under 18 U.S.C. § 1014. As we have recently reaffirmed in *United States v. Gallo*, 782 F.2d 1191 (4 Cir.1986) and *United States v. Polowichak* 783 F.2d 410 (4 Cir.1986), a defendant is entitled to an instruction on each essential element of the crime; failure to issue such instructions constitutes reversible error.

■ Section 1014 of 18 U.S.C. provides in relevant part:

Whoever knowingly makes any false statement or report, or willfully overvalues any land, property or security, for the purpose of influencing in any way the action of ... any member of ... the Federal Deposit Insurance Corporation ... upon any application, advance, discount, purchase, purchase agreement, repurchase agreement, commitment, or loan, or any change or extension of any of the same, by renewal, deferment of action or otherwise ... shall be fined not more than $5,000 or imprisoned not more than two years, or both.

18 U.S.C.A. § 1014 (West Supp.1985). Four essential elements comprise the crime; the government must prove "(1) that the defendant made a false statement to a [federally insured] bank; (2) that he did so for the purpose of influencing the bank's action; (3) that the statement was false as to a material fact; and, (4) that the defendant made the false statement knowingly." *United States v. Bonnette*, 663 F.2d 495, 497 (4 Cir.1981), *cert. denied*, 455 U.S. 951, 102 S.Ct. 1456, 71 L.Ed.2d 666 (1982). *See also Williams v. United States*, 458 U.S. 279, 284, 102 S.Ct. 3088, 3091, 73 L.Ed.2d 767 (1982) (government must prove that defendant made a false statement for the purpose of influencing a lender).

■ The district court's charge to the jury clearly covered these elements, albeit in a slightly different form:

Three essential elements are required to be proved in order to establish the offense charged in the indictment: first, the act of making a material false statement upon an application to the First American Bank of Virginia. Second, the doing of such act knowingly, that is with knowledge that the statement is false; and third, the doing of such act for the purpose of influencing in any way the action of the First American Bank.

The burden is on the Government to prove each of these elements by proof beyond a reasonable doubt before there can be a conviction.

Contrary to plaintiff's assertions, this charge accurately reflected the essential elements of the crime of bank fraud, clearly requiring the jury to convict Whaley only if he acted with the specific intent to influence the bank's action on his loan.

## III.

■ Whaley next complains that the materiality of his misstatements was an issue for the jury and should not have been removed from their consideration by the court. We do not agree. In prosecutions under 18 U.S.C. § 1014, we hold that the materiality of any false statements must be determined by the court, not by the jury. *United States v. Cleary*, 565 F.2d 43, 46 (2 Cir.1977), *cert. denied*, 435 U.S. 915, 98 S.Ct. 1469, 55 L.Ed.2d 506 (1978). In reaching this conclusion, we are guided by our previous holding in *United States v. Ivey*,

322 F.2d 523, 529 (4 Cir.), *cert. denied*, 375 U.S. 953, 84 S.Ct. 444, 11 L.Ed.2d 313 (1963) that the court must decide the issue of materiality in prosecutions under 18 U.S.C. § 1001, the general statute prohibiting false statements to the government of the United States.[1] We note that the Second, Fifth, Sixth, Seventh, Eighth and District of Columbia Circuits adhere to this view, while the Ninth and Tenth Circuits hold that the jury decides the issue of materiality under § 1001. *See United States v. Abadi*, 706 F.2d 178, 180 (6 Cir.), *cert. denied*, 464 U.S. 821, 104 S.Ct. 86, 78 L.Ed.2d 95 (1983) (collecting cases). Under § 1014, as in § 1001, although the materiality of a statement rests upon a factual evidentiary showing, the ultimate finding of materiality turns on an interpretation of the substantive law. Since the interpretation of law falls within the province of the court, we believe that the district court properly treated the issue of materiality as a legal question. *Abadi*, 706 F.2d at 180.

■ Furthermore, we find no merit in the defendant's argument that his misstatements could not have been material, in the sense of actually influencing the lending institution, because Mrs. Wymer had decided to make the loan in order to improve her branch's accounting status, without regard to Whaley's credit-worthiness. As we have previously held, the crime of bank fraud under 18 U.S.C. § 1014 does not require actual reliance on the part of the lender. *United States v. Bonnette*, 663 F.2d 495, 498 (4 Cir.1981); *United States v. Kernodle*, 367 F.Supp. 844, 852 (M.D.N.C.1973), *aff'd*, 506 F.2d 1398 (4 Cir. 1974). Instead, the requirement of materiality is satisfied if the misstatement had the *capacity* to mislead the lending institution. *See, e.g., Kernodle*, 367 F.Supp. at 852. A misrepresentation as to liabilities and a history of a previous bankruptcy certainly had that capacity.

## IV.

■ Defendant urges us to find error in the admission of evidence concerning a transaction between defendant and Budget Rent-A-Car occurring three months after the loan application was filed. Under Rule 404(b) of the Federal Rules of Evidence, evidence of other crimes, wrongs or acts may be admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." The district court instructed the jury that this evidence could be considered only as bearing on knowledge, intent, common scheme or purpose, and absence of mistake.[2] The mere fact that the "other acts" at issue occurred after the events charged in the indictment does not render them irrelevant. In a prior case involving a lapse of 18 months, we recognized:

> Subsequent conduct may be highly probative of prior intent. That one has thought in a particular illegal way over a period of time is evidence that one's thought patterns had already been so developed and were so operating on another previous occasion. *United States*

---

1. 18 U.S.C. § 1001 provides:
   Whoever, in any matter within the jurisdiction of any department or agency of the United States knowingly and willfully falsifies, conceals or covers up by any trick, scheme, or device a material fact, or makes any false, fictitious or fraudulent statements or representations, or makes or uses any false writing or document knowing the same to contain any false, fictitious or fraudulent statement or entry, shall be fined not more than $10,000 or imprisoned not more than five years, or both.
   18 U.S.C.A. § 1001 (West 1976).

2. The trial judge told the jury:
   The government has introduced evidence of a transaction between the defendant and the rent-a-car company, Mr. Schreiber, I think it was, subsequent to the offense alleged to have occurred in the indictment. You may consider this evidence in determining the guilt or innocence of the defendant only insofar as that evidence relates to the knowledge and intent of the defendant at the time of his conduct alleged in the indictment, with respect to the presence or absence of mistakes or as an explanation for and background to the transaction that is here alleged to be wrongful. You may further consider such evidence if you find it so related to or connected with the crime charged as to establish a common scheme or purpose on the part of the defendant.

*v. DiZenzo, supra,* 500 F.2d at 265 ("it is immaterial whether the instances are found occurring before or after the act charged."). The period of time was not so excessive as to require a conclusion of irrelevance, particularly in view of the similarity of the crimes. The impact of the time differential is within the district court's discretion, *United States v. Mc-Donald,* 576 F.2d 1350, 1356–57 n. 10 (9th Cir.1978), *cert. denied,* 439 U.S. 830, 99 S.Ct. 105, 58 L.Ed.2d 124 (1978), and there was no abuse here.

*United States v. Hadaway,* 681 F.2d 214, 217–18 (4 Cir.1982); *see also United States v. DiZenzo,* 500 F.2d 263, 265 (4 Cir.1974).

 The circumstances surrounding the car rental resembled those attending the loan application. In both cases, Whaley used his status as a retired FBI agent to establish credit-worthiness and reliability; in both cases, he cited the dilemma posed by the delay in the direct deposit of his retirement check to obtain special treatment. Each situation represented Whaley's response to his precarious financial status. Accordingly, we cannot say that the district judge erred in finding this evidence relevant to prove plan or scheme, intent, knowledge, motive, and absence of mistake.

The probativeness-prejudice balance required by Federal Rule of Evidence 403 is a matter committed to the discretion of the district court. Given the relevance of this evidence and the careful limiting instruction to the jury, *see infra,* we do not think that the district judge abused his discretion in admitting this evidence for a restricted purpose.

For many of the same reasons that evidence concerning the car rental was admissible, evidence regarding Whaley's prior bankruptcy and possible prior violation of 18 U.S.C. § 1014 was properly admitted. The testimony by the F.B.I. records custodian concerning Whaley's bankruptcy, outstanding indebtedness and awareness of 18 U.S.C. § 1014 clearly tends to show knowledge, intent and absence of mistake. Moreover, the district judge instructed the

jurors on the circumscribed use they could make of all of this evidence:

> Evidence of a similar act, however, is not admissible, and you should not consider it where proved for the purpose of showing mere propensity or disposition on the part of the defendant to commit the crime charged or that he was of an evil or bad character. Only it should be considered if you find first that he committed the acts and then you use the other evidence to determine whether he acted knowingly and with the intent or purpose to influence the bank.

Under these circumstances, we conclude that the admission of this evidence did not represent an abuse of discretion.

AFFIRMED.