UNITED STATES of America,
Plaintiff-Appellee,

v.

Oliver G. McGEE, Jr.,
Defendant-Appellant.

No. 86–3162.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 22, 1987.

Decided Oct. 23, 1987.

Rehearing and Rehearing En Banc
Denied Dec. 11, 1987.

Patricia K. Young (argued), Cincinnati, Ohio, for defendant-appellant.

Kathleen M. Brinkman, Cincinnati, Ohio, Ann Marie Tracey, Asst. U.S. Atty., Margaret M. Quinn, Asst. U.S. Atty. (argued), Dayton, Ohio, for plaintiff-appellee.

Before ENGEL, MERRITT and RYAN, Circuit Judges.

MERRITT, Circuit Judge.

In this direct criminal appeal by a construction contractor from a judgment entered on a jury verdict of guilty of 11 counts of making false statements to secure payments of construction loan proceeds from a lending institution in violation of 18 U.S.C. § 1014, the issues presented on appeal are: (1) whether the defendant-contractor, who falsely represented to the lender by affidavits that no outstanding unpaid indebtedness existed to subcontractors and materialmen, obtained "advances"

within the meaning of § 1014 when he drew down the proceeds of home construction loans previously committed by the lending institution to the prospective homeowner; (2) whether defendant's false statements were legally material in view of Ohio Rev.Code § 1311.011 which, according to defendant, eliminates any risk of loss for the lending institution if materialmen or subcontractors remain unpaid; and (3) whether evidence offered at the time by homeowners concerning defendant's defective performance of construction work was irrelevant and hence improperly admitted.

The defendant concedes that he made sworn false statements to the lending institution that he had paid all outstanding subcontractors and materialmen's accounts on a number of home construction projects. He also concedes that such false statements were made before checks were issued in payment for work performed. If the lender had known the true facts concerning the outstanding accounts of subcontractors and materialmen, these creditors would have been made co-payees of the checks issued to the defendant for the construction work.

The defendant seeks to avoid criminal liability on the theory that the homeowner had already made the loan from the bank and that he was merely a creditor of the homeowner, not a borrower from the bank. He argues that his construction "draw" was from a previously committed loan and did not itself constitute a loan or advance within the meaning of § 1014. This argument overlooks the obvious fact that a commitment for a construction loan is not complete and final until the terms and conditions for payment are satisfied. In this case the construction commitment did not ripen into a loan until the payments to the contractor were made following the false statements. Thus the false statements were made in consideration of the payment of the loan. The construction draw therefore was a "loan" or "advance" within the meaning of § 1014.

The defendant is also incorrect in his argument that § 1311.011 of the Ohio Revised Code insulates him from criminal liability. Even if we assume for purposes of argument that the lender's mortgage would have remained superior to the outstanding liens of the subcontractors and that the lender would not have become liable on these accounts, the statement would have had the capacity to influence a reasonable lender in making the advance. Hence the statement was material. The outstanding liens would impair the borrower's title to the home, thereby possibly affecting the repayment of the loan and the lender's security. The lender would obviously prefer for its debtor to have a title clear of subcontractor's liens, and that is the reason it insisted on the affidavits. The false statements also had the capacity to and did induce a reasonable lender to make an advance and thus they satisfied the test of materiality. *See United States v. Glassey*, 715 F.2d 352 (7th Cir.1983).

The homeowners' testimony concerning defective construction work was directly connected to their testimony concerning the work of subcontractors and materialmen. In order to show that defendant lied, the government had to put on proof that subcontractors worked and that their accounts remained outstanding. The fact that some of the work was only partially completed is not inadmissible. The defendant was indebted for the partially completed work and his affidavits to the contrary were part of the crime.

Accordingly, the judgment of the District Court is affirmed.