968 F.2d 1212
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES OF AMERICA, Plaintiff-Appellee,
v.
Mavis J. ELLIOTT, Defendant-Appellant.
 No. 91-5580.
 United States Court of Appeals,
Fourth Circuit.
 Argued: May 8, 1992
Decided: July 10, 1992
 
 Argued: Denise Benvenga, Federal Public Defender's Office, Baltimore, Maryland, for Appellant.
 James Richard Alsup, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 On Brief: Fred Warren Bennett, Federal Public Defender, Baltimore, Maryland, for Appellant.
 Richard D. Bennett, United States Attorney, Maury S. Epner, Assistant United States Attorney, Baltimore, Maryland, for Appellee.
 Before WILKINSON, Circuit Judge, CHAPMAN, Senior Circuit Judge, and HOWARD, United States District Judge for the Eastern District of North Carolina, sitting by designation.
 PER CURIAM:
 
 
 1
 Defendant Mavis Elliott was convicted on three counts of making false statements to the United States in violation of 18 U.S.C. § 1001. Her sole ground of appeal is that the district court improperly admitted evidence of a subsequent act under Rule 404(b). We find this contention to be without merit and consequently affirm the conviction.
 
 I.
 
 2
 Mavis Elliott is a citizen of Trinidad and Tobago, and she was born in that country on November 23, 1955. In 1986, Elliott, who had become a permanent resident alien of the United States, applied for and received jobs with the Internal Revenue Service, the Department of Health and Human Services, and the Veterans Administration. To obtain any of these jobs, an applicant had to be a citizen of the United States. On each of her three job applications, Elliott falsely stated that she had been born in Baltimore, Maryland, and that she was a citizen of the United States. She also listed a false birth date on all three applications.
 
 
 3
 After she had been indicted for making these false statements, it became apparent that Elliott's defense to the charges that she had lied about her citizenship status would be that she mistakenly believed that she was a United States citizen. In an effort to prove absence of mistake, the prosecution sought a pre-trial ruling from the district court as to the admissibility of evidence of a subsequent act under Rule 404(b). The evidence at issue was that Elliott had misrepresented her citizenship status on an application for employment with the State of Maryland in 1989, just one day after having been told by an official of the Immigration and Naturalization Service that she was not a United States citizen. Finding the evidence to be probative on the question of mistake, the district court allowed the prosecution to introduce the evidence during its case-in-chief. Later in its instructions to the jury, the district court gave a careful limiting instruction as to the purposes for which this evidence could be used.
 
 II.
 
 4
 The decision to admit evidence under Rule 404(b) is a matter within the discretion of the district court and, therefore, will only be reversed if that discretion has been abused. See, e.g., United States v. Rawle, 845 F.2d 1244, 1247 (4th Cir. 1988); United States v. Whaley, 786 F.2d 1229, 1233 (4th Cir. 1986). We find no such abuse in this case.
 
 
 5
 Elliott seems to suggest that Rule 404(b) does not allow admission of evidence to prove absence of mistake when the evidence concerns an act that occurred subsequent to the charged conduct. This circuit, however, allows subsequent acts to be admitted under Rule 404(b) when they are relevant to the issue for which they are offered. See, e.g., Whaley, 786 F.2d at 1232; United States v. Hadaway, 681 F.2d 214, 217 (4th Cir. 1982). In this case, we find no abuse of discretion in the district court's determination that Elliott's 1989 misrepresentation of her citizenship status, coming so closely on the heels of her notification that she was not a United States citizen, was probative on the question of whether she made a mistake in 1986. Elliott's additional claim under Rule 403 that the district court erred in not finding that the prejudicial impact of the evidence outweighed its probative value also falls short. The district court's careful limiting instruction obviated any prejudice that might have existed. See Whaley, 786 F.2d at 1233; United States v. Masters, 622 F.2d 83, 87 (4th Cir. 1980).
 
 III.
 
 6
 For the foregoing reasons, the judgment of conviction is
 
 
 7
 AFFIRMED.