70 F.3d 113
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Thomas J. CURTIS, Jr., Defendant-Appellant.
 No. 94-5603.
 United States Court of Appeals, Fourth Circuit.
 Submitted Oct. 24, 1995.
Decided Nov. 14, 1995.
 
 Before HALL and MICHAEL, Circuit Judges, and PHILLIPS, Senior Circuit Judge.
 Affirmed by unpublished per curiam opinion.
 OPINION
 PER CURIAM:
 
 
 1
 Appellant appeals from his conviction for making a false statement on a loan application to a federally insured financial institution in violation of 18 U.S.C.A. Sec. 1014 (West Supp.1995). On appeal, Appellant claims that the trial court erred in denying his motion for a judgment of acquittal challenging the sufficiency of the evidence. In reviewing the sufficiency of the evidence, this court considers the evidence in the light most favorable to the government and determines whether any rational trier of fact could have found that the elements of the offense were proven beyond a reasonable doubt. Glasser v. United States, 315 U.S. 60, 80 (1942); Jackson v. Virginia, 443 U.S. 307, 319 (1979). We find that the evidence supports Appellant's conviction.
 
 I.
 
 2
 Appellant settled a lawsuit in January 1987 filed against him in Texas by InterFirst Bank Southwest (InterFirst), formerly First State Bank of Bellaire. He agreed to pay InterFirst $500,000 in three installments. He further agreed that if he failed to make timely payments to InterFirst in accordance with the terms of the agreement, InterFirst would be entitled to an immediate $2,000,000 judgment against him. Appellant did not make the first payment as required by the agreement with InterFirst. Therefore, in May 1987 InterFirst obtained a $2,000,000 judgment against Appellant in a Texas court.
 
 
 3
 Appellant subsequently applied for a loan from Guaranty Savings and Loan (Guaranty), a federally insured bank in Virginia, in December 1987. Appellant submitted to the bank a signed loan application, a financial statement dated March 1987, and a cover letter.
 
 
 4
 The loan application included the question, "Are there any outstanding judgments against you?" Appellant answered, "No." Further more, Appellant's financial statement did not list the $2,000,000 judgment against him. In the liability section of the March 1987 financial statement, Appellant listed $500,000 as a contingent liability. He stated that the $500,000 represented "open lines of credit used in general course of doing business and or for civil disputes that might occur from one statement period to another." In his cover letter dated December 7, 1987, Appellant stated that "[t]here has been no substantial change in my financial condition since the date of the attached financial statement." Following a jury trial, Appellant was convicted of making a false statement to a federally insured financial institution in violation of Sec. 1014.
 
 II.
 
 5
 The elements of a Sec. 1014 violation are that: (1) the defendant made a false statement to a federally insured bank; (2) he did so for the purpose of influencing the bank's action; (3) the statement was false as to a material fact; and (4) he made the false statement knowingly. United States v. Smith, 29 F.3d 914, 916 (4th Cir.), cert. denied, 63 U.S.L.W. 3348 (1994); United States v. Whaley, 786 F.2d 1229, 1231 (4th Cir.1986); United States v. Bonnette, 663 F.2d 495, 497 (4th Cir.1981), cert. denied, 455 U.S. 951 (1982).
 
 
 6
 First, Appellant concedes that the institution in question, Guaranty, is federally insured. Furthermore, Appellant's statement on his loan application to Guaranty that there were no outstanding judgments against him was false because Interfirst had obtained a $2,000,000 judgment against him in May 1987. See United States v. Haddock, 956 F.2d 1534, 1551 (10th Cir.), cert. denied, 61 U.S.L.W. 3257 (1992); United States v. Trexler, 474 F.2d 369, 370-11 (5th Cir.), cert. denied, 412 U.S. 929 (1973); United States v. Shriver, 842 F.2d 968, 976 n. 11 (7th Cir.1988).
 
 
 7
 Second, considering the facts in the light most favorable to the Government, the evidence supports the jury's finding that Appellant made the false statement for the purpose of influencing the bank's lending decision. The intent to influence can be shown by proof that the false statement had the capacity to influence the bank. United States v. Faulkner, 17 F.3d 745, 769 (5th Cir.), cert. denied, 63 U.S.L.W. 3262 (1994). Appellant's false statement on his loan appli cation had the capacity to influence Guaranty's lending decision because the false statement directly related to Appellant's ability to repay the loan. Guaranty's officers testified that their loan decision would have been influenced by their knowledge of the $2,000,000 judgment against Appellant. See United States v. Glassey, 715 F.2d 352, 353-54 (7th Cir.1983). Although Appellant alleges that he had no intent to cheat the bank, an intent to cheat the financial institution is not an element of the offense under Sec. 1014. United States v. Bell, 535 F.2d 886, 888 (5th Cir.1976).
 
 
 8
 Third, Appellant's statement was false as to a material fact. As with the intent to influence the bank's action, materiality is demonstrated by showing that the false statement had the capacity to influence the bank's action. Whaley, 786 F.2d at 1232. Again, the record contains ample evidence that Appellant's false statement had the capacity to influence Guaranty's lending decision.
 
 
 9
 Finally, viewing the evidence in the light most favorable to the Government, there was sufficient evidence to find that Appellant knowingly omitted the $2,000,000 judgment on the loan application. The $2,000,000 judgment obtained against Appellant in May 1987 was too large and too recent to have been omitted by accident or mistake on Appellant's loan application in December 1987. Furthermore, Appellant was involved in the real estate business and was familiar with loan transactions.
 
 
 10
 Accordingly, we affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED