UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 94-5747

ALEX B. HERSCH,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Richmond.
Robert E. Payne, District Judge.
(CR-93-154)

Submitted: September 24, 1996

Decided: October 11, 1996

Before MURNAGHAN and HAMILTON, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Vacated and remanded by unpublished per curiam opinion.

_____

**COUNSEL**

Alex B. Hersch, Appellant Pro Se. Joan Elizabeth Evans, Assistant
United States Attorney, Richmond, Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Alex B. Hersch of making false statements, in violation of 18 U.S.C.A. § 1001 (West Supp. 1996) (Count 2); and of perjury, in violation of 18 U.S.C.A. § 1623 (West 1984 & Supp. 1996) (Counts 1, 3). (R. Vol. 1, No. 46). On appeal, [1] Hersch contends that his convictions should be overturned in light of United States v. Gaudin, ___ U.S. ___, 115 S. Ct. 2310 (1995), because the district court failed to submit the element of materiality to the jury.[2] Because we find that the failure to instruct the jury on the element of materiality constitutes plain error, we vacate Hersch's convictions and remand for further proceedings.

I.

Hersch defaulted on defense contracts that several of his corporations had entered into with the government. The government demanded repayment of progress payments made before Hersch defaulted. Because Hersch refused to pay, the government initiated a civil suit to recover the progress payments. The court entered judgment against Hersch and his partner, finding them jointly and severally liable for $3,323,896.52.

During settlement negotiations with the government, Hersch submitted an asset list and a written financial statement of debtor form--both of which the government claimed misrepresented his assets. The government deposed Hersch and members of his family in an effort to locate his assets that could satisfy the $3.3-million civil judgment. According to the government, Hersch also lied about his assets during the depositions.

_____

[1] Hersch was represented by counsel in the district court but is proceeding pro se on appeal.

[2] Hersch also challenges the district court's denial of his motion for judgment of acquittal and raises several sentencing errors. We need not address these issues in light of our disposition of Hersch's Gaudin claim.

The court instructed the jury on the elements it must find to convict Hersch of perjury and making false statements, noting that the court would decide the element of materiality in each count. And the court found that "materiality has been satisfied" as to all counts. The jury returned a guilty verdict on Counts 1-3. The court sentenced Hersch to twenty-seven months incarceration on each count to run concurrently, ordered two years of supervised release on each count to run concurrently, and imposed a fine of $60,000 and a special assessment of $150. This appeal followed.

II.

Hersch asserts that his convictions should be overturned in light of Gaudin. At the time Hersch was convicted, the district court followed Fourth Circuit precedent when it decided not to submit the question of materiality to the jury. See United States v. Arch Trading Co., 987 F.2d 1087, 1095 (4th Cir. 1993); United States v. Whaley, 786 F.2d 1229, 1231-32 (4th Cir. 1986); United States v. Paolicelli, 505 F.2d 971, 973 (4th Cir. 1974). The Supreme Court subsequently held that the jury--not the court--must decide whether false statements charged under § 1001 are material.3 Gaudin, 63 U.S.L.W. at 4615. Because Hersch did not object to the district court's instruction at trial, we review the court's failure to instruct the jury on the element of materiality for plain error. See United States v. Olano, 507 U.S. 725, 732-37 (1993).

Here, the record indicates unmistakably that the district court instructed the jury that the question of materiality under §§ 1001 and 1623 was an issue for the court and not the jury. The court also charged that the statements were material. Although correct when given, see Arch Trading Co., 987 F.2d at 1095, the court's instructions now are indisputably erroneous in light of Gaudin. See Gaudin, 115 S. Ct. at 2320. We therefore find that the court's failure to instruct the jury on the element of materiality is plain error. See Olano, 507 U.S. 732-37; United States v. David, 83 F.3d 638, 641-48 (4th Cir. 1996).

_____

3 Gaudin applies retroactively to Hersch's case because his case was pending on direct review when the Supreme Court issued its decision. See Griffith v. Kentucky, 479 U.S. 314, 328 (1987).

3

III.

Accordingly, we vacate Hersch's convictions and remand for further proceedings consistent with this opinion. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

VACATED AND REMANDED

4