**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                No. 95-5703

RAUL DENNIS,
Defendant-Appellant.

Appeal from the United States District Court
for the Western District of North Carolina, at Asheville.
Lacy H. Thornburg, District Judge.
(CR-94-47)

Submitted: March 18, 1997

Decided: April 3, 1997

Before MURNAGHAN and ERVIN, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Thomas K. Maher, RUDOLF & MAHER, P.A., Chapel Hill, North
Carolina, for Appellant. Mark T. Calloway, United States Attorney,
Deborah A. Ausburn, Assistant United States Attorney, Asheville,
North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Raul Dennis appeals his conviction for conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 846 (1994). We affirm.

I

Roberto Perez was a cocaine distributor in Asheville, North Carolina. Dennis, who lived in Florida, supplied Perez with cocaine. Perez initially travelled to Florida to pick up the cocaine and to pay Dennis; however, Perez eventually employed Ubaldo Ortiz to travel to Asheville with cocaine and return to Florida with money to pay Dennis.

After his arrest in April 1994, Perez began to cooperate with authorities. He called Dennis, with whom he had not dealt since 1992, and expressed an interest in purchasing more cocaine. Dennis and Perez had several conversations, all of which were recorded. Dennis agreed to supply Perez with cocaine. In June, Perez travelled to Dennis's home in Florida. Perez and Dennis discussed arrangements to deliver cocaine to two men whom Perez supposedly had available to buy. After Perez left the house, Drug Enforcement Administration (DEA) agents who had been monitoring the conversation arrested Dennis.

A jury convicted Dennis of conspiracy to possess with intent to distribute cocaine. He received a 132-month sentence. Dennis now appeals, raising four issues.

II

Dennis first contests the introduction of his taped conversations with Perez and the introduction of items (including forty-four grams

2

of cocaine and drug paraphernalia) seized during a consent search of his house. Dennis objected at trial to the introduction of the tapes. We therefore review their admission into evidence for abuse of discretion. See United States v. Hassan El, 5 F.3d 726, 731 (4th Cir. 1993). Because Dennis did not object to the introduction of the fruits of the search, their admission is reviewed for plain error. See United States v. Olano, 507 U.S. 725, 731-32 (1993).

Dennis asserts that introduction of the tapes and items seized during the search violated Fed. R. Evid. 404(b). Under that rule, evidence of "other crimes, wrongs, or acts" is admissible to prove several things, including motive, intent, and knowledge. The evidence is inadmissible "to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). To be admissible under Rule 404(b), evidence must be relevant, necessary, and reliable. United States v. Aramony, 88 F.3d 1369, 1377-78 (4th Cir. 1996), petition for cert. filed, ___ U.S. ___, 65 USLW 3381 (U.S. Nov. 12, 1996) (No. 96-752). Evidence that is otherwise admissible under Rule 404(b) must nonetheless be excluded under Fed. R. Evid. 403 if its probative value is significantly outweighed by its prejudicial value. Id. at 1378.

Both the tapes and the fruits of the search were admissible under Rule 404(b). Their reliability is not disputed. They were relevant to the issue of Dennis's intent to commit the charged offense and necessary to corroborate the testimony of Perez. See United States v. Mark, 943 F.2d 444, 448 (4th Cir. 1991). It is immaterial that authorities recorded the conversations and seized the drugs and drug paraphernalia after the arrest of Perez and the conclusion of the charged conspiracy. See United States v. Morsley, 64 F.3d 907, 911 (4th Cir. 1995), cert. denied, ___ U.S. ___, 64 USLW 3467 (U.S. Jan. 6, 1996) (No. 96-6942); United States v. Whaley, 786 F.2d 1229, 1232 (4th Cir. 1986). Nor, particularly in light of the strong case against Dennis, was the evidence unduly prejudicial under Rule 403.

III

Dennis spoke to agents who arrested him and searched his home. He claims that, during that conversation, he invoked his Fifth Amend-

3

ment right to remain silent. He contends that the prosecutor impermissibly commented in closing upon his invocation of that right.

DEA Special Agent Jaime Comacho testified that Dennis consented to the search. When officers inquired about a locked chest, Dennis pointed to a set of keys. Officers unlocked the chest, where they found cocaine and drug paraphernalia. Dennis told Comacho that financial pressures had led him to make a mistake. Comacho inquired about Dennis's suppliers; Dennis responded that he would rather face the penalty for his crime than reveal his source or customers.

During closing, the prosecutor mentioned Dennis's refusal to divulge his sources. Dennis now contends that this was an impermissible comment on his alleged exercise of his right to remain silent. He did not exercise that right, however. Instead, Dennis willingly spoke to Special Agent Comacho, refusing only to divulge his sources. This simply was an implicit expression to Camacho of his view that it was not a good idea to cooperate with officials by revealing sources. As Dennis did not invoke his Fifth Amendment right, the prosecutor's remark was appropriate.

IV

Finally, Dennis contends that the Government improperly vouched for its case by implying that it had evidence the jury had not seen. In attacking the credibility of Perez, defense counsel mentioned that the prosecution had introduced no records, such as plane tickets or telephone records, that would corroborate his story. In response, the prosecutor in closing stated that the United States could have introduced such documents, but chose not to do so in the interest of saving time. Dennis did not object to the argument, which we review for plain error. See United States v. Olano, 507 U.S. at 731-32.

We do not decide whether this comment constituted improper vouching because the comment did not prejudice Dennis's substantial rights. The case against him was strong, and the remark, which was invited, was isolated. See United States v. Adam , 70 F.3d 776, 780 (4th Cir. 1995).

4

V

We therefore affirm the conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

5