## CIRCUIT COURT OF THE CITY OF NORFOLK

Commonwealth of Virginia

    v.

Alucious Williams

July 29, 1998

Case No. CR98-000299-00

BY JUDGE MARC JACOBSON

The Defendant Alucious Williams is a juvenile being tried as an adult for the alleged rape of his live-in girlfriend on or about October 22, 1997. The Commonwealth seeks to introduce into evidence two acts of the Defendant to demonstrate the Defendant's "conduct and feeling towards" the victim. Specifically, the Commonwealth seeks to:

> introduce testimony that on October 8, 1997, the defendant physically assaulted the victim by kicking her with force with his leg, causing her to fall backwards, and by slapping and hitting her in the face. The Commonwealth also seeks to introduce evidence that the defendant physically assaulted the victim on October 25, 1997, by pushing her with force against a wall and telling her he hoped her parents had insurance because he was going to kill her.

(Comm. Mot. at 1.) The Defendant was tried in Norfolk Juvenile and Domestic Relations Court for both alleged offenses and was found not guilty of the alleged offense of October 8, 1997, and guilty of the offense on October 25, 1997.

"Evidence that shows or tends to show a defendant has committed a prior crime generally is inadmissible to prove the crime charged." *Guill v. Commonwealth*, 255 Va. 134, 139 (1998) (citing *Woodfin v. Commonwealth*, 236 Va. 89, *cert. denied*, 490 U.S. 1009 (1989); *Kirkpatrick v. Commonwealth*, 211 Va. 269 (1970)). Such evidence implicating accused in

other crimes unrelated to the charged offense is inadmissible because it may confuse the issues being tried and cause undue prejudice. *Id.* However, prior bad act evidence is admissible if relevant to an element or issue in the present case. *Id.* "Evidence of 'other crimes' is relevant and admissible if it *tends to prove* any element of the offense charged." *Id.* (emphasis in original) (citing *Kirkpatrick* at 272). The Court of Appeals has offered guidance as to when prior bad acts are relevant to issues in a present case and thereby admissible:

> (1) to prove motive to commit the crime charged; (2) to establish guilty knowledge or to negate good faith; (3) to negate the possibility of mistake or accident; (4) to show the conduct and feeling of the accused toward his victim, or to establish their prior relations; (5) to prove opportunity; (6) to prove identity of the accused as the one who committed the crime where the prior criminal acts are so distinctive as to indicate a modus operandi; or (7) to demonstrate a common scheme or plan where the other crime or crimes constitute a part of a general scheme of which the crime charged is part.

*Reynolds v. Commonwealth*, 24 Va. App. 220 (1997) (citing *Lockhart v. Commonwealth*, 18 Va. App. 254, 258-59 (1994)). "Admission of evidence under these exceptions, however, is subject to the further requirement that the legitimate probative value of the evidence must exceed the incidental prejudice caused the defendant." *Guill* at 139 (citing *Lewis v. Commonwealth*, 225 Va. 497, 502 (1983)).

Additionally, this broad category of "prior bad acts" evidence may also encompass acts done subsequent to the events giving rise to the criminal charge. The test for admission of prior bad acts "does not distinguish between subsequent or prior bad acts." *Bullock v. Commonwealth*, 27 Va. App. 255, 261 (1998) (citing *United States v. Whaley*, 786 F.2d 1229, 1232 (4th Cir. 1986)). "The mere fact that the 'other acts' at issue occurred after the events charged in the indictment does not render them irrelevant." *Whaley* at 1232.

In this case prior acts of abuse by the defendant on the victim would fall into the fourth category of bad acts exceptions as enunciated in the *Reynolds* case. The Court must consider whether the probative value in showing the conduct of the defendant toward the victim shortly after the rape outweighs the prejudicial effect of admitting such conduct. The fact that some prejudice may occur does not necessarily mandate exclusion. *Evans-Smith v. Commonwealth*, 5 Va. App. 188, 196 (1987). The Court of Appeals has indicated that a trial court must balance the probative value of the alleged bad acts against incidental prejudice, stating:

In order for evidence that the accused has committed other crimes or bad acts to be admissible under an exception, its relevance to prove a material fact or issue must outweigh the prejudice inherent in proving that the accused has committed other bad acts ... . The decision to admit such evidence involves a balancing of probative value against incidental prejudice that is committed to the sound discretion of the trial judge and will not be overturned on appeal absent an abuse of discretion.

*Lafon v. Commonwealth*, 17 Va. App. 411, 418 (1993) (citations omitted). In the case at bar, the Commonwealth seeks to admit:

the actions of defendant [to] demonstrate his conduct and feeling ... toward [the victim]. Each act demonstrates his controlling, manipulative behavior. Each act demonstrates the defendant's willingness to use force to exercise control over ... [the victim]. [The victim] is fearful of the defendant but is also afraid to leave the relationship. This is a pattern that is typical in cases of domestic violence.

(Comm. Mot. at 3.)

The Court rules and holds that testimony relative to the alleged assault on October 8, 1997, in which the Defendant was found not guilty at trial in the Norfolk Juvenile and Domestic Relations District Court is inadmissible and is not and will not be considered. As to the alleged act of October 25, 1997, in balancing the probative value of said act against the incidental prejudice and the reasons advanced by the Commonwealth for the seeking of the admission of such act as evidence, the Court rules at this time that such act will not be admissible.